UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>JAMES MICHAEL BARTLEY,<br><br>Defendant. | Case No. 1:19-cr-00002-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant James Michael Bartley's ("Bartley") Motion to Dismiss Indictment. Dkt. 15. Bartley claims that the charge brought against him under 18 U.S.C. § 922(g)(4) for illegal possession of a firearm, is unconstitutional as applied in this case.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

Bartley is a 47-year-old, college-educated military veteran. He served two multi-year tours of duty in the United States Army and has lived most of his life in the

intermountain west. Dkt. 15-1, at 3. In 2011, at a misdemeanor proceeding for driving under the influence, Bartley's mental competence was evaluated. A state court judge found that Bartley was not fit to proceed because he could not assist in his own defense. The judge also found that Bartley lacked the capacity to make informed decisions about treatment and committed Bartley to the Idaho Department of Health and Welfare pursuant to Idaho Code § 18-212. Dkt. 22, at 1, 6. Bartley was released from the Idaho Department of Health and Welfare's custody approximately six weeks later. *Id.* at 5.

On July 29, 2018, Bartley was riding his bicycle in a Boise parking lot when an altercation occurred with another person. At some point in the altercation, Bartley pulled out a Glock pistol and waved or pointed it in the direction of a person. Dkt. 21, at 2. He was eventually arrested, then indicted by a grand jury for unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(4) based on his prior adjudication and mental evaluation in connection to the 2011 case. Bartley then filed this Motion to Dismiss Indictment on April 30, 2019.

### III. DISCUSSION

Bartley argues the indictment must be dismissed based on three theories. First, he argues that his Second Amendment rights have been violated. Second, he argues that he has never been adjudicated a "mental defective" or "committed to a mental institution" and therefore § 922(g)(4) does not prohibit him from possessing firearms. Last, Bartley argues that his due process rights have been violated. The Court finds that Bartley's Second Amendment rights have not been violated, that § 922(g)(4) does apply to him, and that his due process rights have not been violated.

The Government contends that Bartley's Second Amendment argument is really based on equal protection and therefore the statute in question need only "be rationally related to a legitimate governmental purpose." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 446 (1985). Regardless of the standard applied, the Court finds that Bartley's motion fails on all three argued theories, so the Court will not specifically address this part of the Government's argument.

1. *Second Amendment*

When a statute is challenged on Second Amendment grounds, strict scrutiny or intermediate scrutiny may apply. *District of Columbia. v. Heller*, 554 U.S. 570, 628 n.27 (2008). For a statute to withstand intermediate scrutiny, the Government must demonstrate a "significant, substantial, or important" objective in enforcing the statute. *United States v. Chovan*, 753 F.3d. 1127, 1139 (9th Cir. 2013). It must then show there is a "reasonable fit between the challenged regulation and the asserted objective." *Id.* Conversely, under strict scrutiny, "the law must advance a compelling state interest by the least restrictive means available." *Bernal v. Fainter*, 467 U.S. 216, 219 (1984).

The Ninth Circuit has explained that whether strict scrutiny or intermediate scrutiny applies in a Second Amendment challenge to a statute depends on two factors: "(1) how close the law comes to the core of the Second Amendment right, and (2) the severity of the law's burden on the right." *Chovan*, 735 F.3d at 1138. A "restriction that implicates the core of the Second Amendment right and severely burdens the right warrants strict scrutiny while a restriction that does not implicate a core Second Amendment right, or does not places a substantial burden on the Second Amendment

right, warrants intermediate scrutiny." *Mahoney v. Sessions*, 871 F.3d 873, 879 (9th Cir. 2017).

    a. *Level of scrutiny*

The core of the Second Amendment right is "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *Heller*, 554 U.S. at 635. The Government argues that Bartley's Second Amendment right is not implicated through 18 U.S.C. 922(g)(4) because it is a presumptively lawful statute that regulates firearm possession for individuals "who [have] been adjudicated as a mental defective or who [have] been committed to a mental institution." In *Heller*, the Supreme Court held that the Second Amendment provides an individual with a right to possess and use a firearm for lawful purposes, but made clear that "the right secured by the Second Amendment is not unlimited" and that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." *Id.* at 626-27.

Section 922(g)(4) does not implicate the core of the Second Amendment right because it only implicates a narrow class of individuals, not the public at large. *See Chovan*, 735 F.3d at 1138 (finding that § 922(g)(9) did not implicate the core of the Second Amendment because individuals with criminal convictions were not included "within the core right identified in *Heller*—the right of a law-abiding, responsible citizen to possess and carry a weapon for self-defense")(quoting *United States v. Chester*, 628 F.3d 673, 682-83 (4th Cir. 2010).

The second prong of the test is the "severity of the law's burden on the right."

*Chovan*, 735 F.3d at 1138. The § 922(g)(4) prohibition is not permanent and allows for a restoration of firearm rights. This constraint can be removed pursuant to a process outlined in Idaho Code § 66-356(2).

In sum, although Section 922(g)(4) may slightly burden Second Amendment rights, because the statute does not implicate the core of the Second Amendment, only intermediate scrutiny applies to this case.

There are two requirements a statute must meet to survive the intermediate scrutiny test. The Government must demonstrate: (1) the statute's stated objective is "significant, substantial, or important," and (2) a "reasonable fit between the challenged regulation and the asserted objective." *Chovan*, 735 F.3d at 1139. Bartley concedes there is a significant interest in protecting the community from gun violence. Dkt. 15-1, at 10. Therefore, the only inquiry necessary is whether § 922(g)(4) is substantially related to that significant interest. Bartley argues that "reliance on a person's commitment in a mental institution, or adjudication as 'mentally defective,' is a poor proxy for any actual risk that a person might pose to the community." *Id.*

In support of this contention, Bartley cites to a Sixth Circuit case which found that § 922(g)(4) constituted a lifetime ban on firearms possession because the state had no way of petitioning for those rights to be reinstated. The court there found that a lifetime bar on gun ownership for previously institutionalized people was not reasonably necessary. *Tyler v. Hillsdale Cnty. Sheriff's Dep't*, 837 F.3d 678, 697 (6th Cir. 2016). However, Bartley overlooks a key difference between the *Tyler* case and his own. In *Tyler*, Michigan state law did not provide a way for a person who had been barred from

firearm possession under § 922(g)(4) to petition for those rights to be reinstated. Idaho does have a provision that allows this, namely Idaho Code § 66-356(2). Thus, although Bartley argues being subjected to § 922(g)(4) necessarily constitutes a lifetime ban on possession of firearms, that is not the case. The legislature has provided a process to regain the right to possess firearms, and Bartley could have utilized that process.

The government has a significant interest in preserving human life and protecting the community from gun violence. This interest is substantially connected to § 922(g)(4) because that statute limits who can possess guns. This ban is not overburdensome though because those to whom the statute applies can participate in a petition process to restore their right to firearm possession. Based on this reasoning, § 922(g)(4) survives intermediate scrutiny and does not violate the Second Amendment.

    b. *As-applied challenge*

Bartley makes an as-applied challenge to § 922(g)(4), arguing that it is unconstitutional as applied to him because he is a military veteran, was on one occasion examined and determined to not meet the criteria for commitment to a mental institution, and has a track record of responsibly using firearms in his professional capacity in the military. Dkt. 15-1, at 11. The Government argues that any conduct after the 2011 adjudication should be ignored because the relevant issue is the adjudication. In the alternative, the Government argues that because Bartley was adjudicated as incompetent, facts pertaining to his situation after that initial adjudication show that § 922(g)(4) is constitutional as applied to Bartley.

In 2011, Bartley was involuntarily committed to a mental health treatment facility after the judge found he was not fit to proceed with the case because he was suffering from a significant psychotic disorder and claimed to be the "Son of God." Dkt. 16, at 3. About six weeks later he was deemed competent to proceed. Dkt. 16, at 2. In 2017, Bartley was taken into custody after acting erratic and screaming at another individual. Dkt. 23, at 1-2. He claimed to be a "Soldier of God" and was armed with a collapsible police baton. *Id.* at 2. Bartley was examined and found not to meet the criteria for an involuntary commitment at that time. *Id.* at 8-9. Finally, in 2018, the incident giving rise to the instant case occurred. Bartley was riding his bicycle in a Boise parking lot, yelling obscenities at a vehicle. A shop owner came out and confronted him, took video of the encounter and Bartley pulled out a Glock pistol and waived it in the direction of the shop owner. Dkt. 21, at 10-11. Bartley argues that he displayed this firearm in self-defense after a half-naked man aggressively confronted him. Dkt. 24, at 6.

Bartley's as-applied challenge fails as well. After his examination in 2011, he was adjudicated as incompetent to proceed and was committed to a mental institution. Because of that adjudication and commitment, § 922(g)(4) applied to him. He fell within the category of persons that the statute applied to, and although Idaho's reinstatement process was available to him, he never took the steps necessary to restore his right to possess firearms. Bartley's situation and conduct, though somewhat in dispute, does not show that applying this statute to him violates his Second Amendment rights. Therefore, Bartley's claim that applying § 922(g)(4) to him would violate the Second Amendment fails and his motion to dismiss indictment is DENIED.

MEMORANDUM DECISION AND ORDER - 7

2. *Adjudicated "mental defective" or "committed to a mental institution"*

Bartley's indictment for illegal possession of a firearm in violation of 18 U.S.C. § 922(g)(4) is based on a 2011 misdemeanor case where the judge found that Bartley was not fit to proceed and was committed to the Idaho Department of Health and Welfare pursuant to I.C. § 18-212. Bartley argues that the court in the 2011 case did not make a finding that § 922(g)(4) applied to him, and simply found Bartley incompetent to stand trial pursuant to Idaho Code § 18-212.

Idaho Code § 66-356(1)(f) directs a court that "[f]inds a defendant incompetent to stand trial pursuant to section 18-212, [to] make a finding as to whether the subject of the proceeding is a person to whom the provisions of 18 U.S.C. 922(d)(4) and (g)(4) apply." Bartley argues that when the judge found Bartley incompetent to stand trial, he neglected to make a separate or additional finding of whether the relevant provisions of 18 U.S.C. § 922 applied to him. However, nowhere in the cited statutes does the word "additional" appear related to this finding. There was no authority cited, nor has the Court encountered any cases where another court has concluded that an additional finding is necessary.

The threshold issue of whether the determination that a defendant has been adjudicated a mental defective or committed to a mental institution is either a question of law or a jury question. Although the Ninth Circuit has not yet addressed this issue, many other circuits have, and all have held that it "is a question of law to be determined by the court rather than a question of fact to be reserved for the jury." *United States v. McLinn*, 896 F.3d 1152, 1156 (10th Cir. 2018) (citing *United States v. McIlwain*, 772 F.3d 688,

693 (11th Cir. 2014).¹ This Court will address the matter as a question of law.

Section 922(g)(4) prohibits any person "who has been adjudicated as a mental defective or who has been committed to a mental institution" from possessing a firearm. The definitions of these terms are found within the implementing regulations at 27 C.F.R. § 478.11(a)-(b), (d). 27 C.F.R. § 478.11(b) expressly includes "[t]hose persons found incompetent to stand trial" within the term "adjudicated as a mental defective." Bartley was found unfit to proceed during the 2011 misdemeanor trial pursuant to I.C. § 18-212. This triggered 18 U.S.C. § 922(g)(4) and from then on prohibited Bartley from possessing a firearm. Further, 27 C.F.R. § 478.11(d) defines "committed to a mental institution" as:

> A formal commitment of a person to a mental institution by a court, board, commission, or other lawful authority. The term includes a commitment to a mental institution involuntarily. The term includes commitment for mental defectiveness or mental illness. It also includes commitments for other reasons, such as for drug use. The term does not include a person in a mental institution for observation or a voluntary admission to a mental institution.

Here, the state court judge ordered Bartley into the custody of the Department of Health and Welfare for treatment, fitting into this second definition as well.

Because Bartley fits into both definitions of adjudicated as a "mental defective" and "committed to a mental institution," he became subject to § 922(g)(4) after his adjudication and commitment in connection with his 2011 misdemeanor

---

¹ The First, Second, Fourth, Sixth, and Eighth Circuits have reached the same conclusion *See, e.g.. United States v. Rehlander*, 666 F.3d 45, 47 (1st Cir. 2012); *United States v. Dorsch*, 363 F.3d 784, 785 (8th Cir. 2004); *United States v. Vertz*, 40 F. App'x 69, 76 (6th Cir. 2002) (unpublished); *United States v. Midgett*, 198 F.3d 143, 145-46 (4th Cir. 1999); *United States v. Waters*, 23 F.3d 29, 36 (2nd Cir. 1994).

case. Therefore, this argument fails and Bartley's motion to dismiss the indictment is DENIED.

### 3. Due Process

Bartley next argues that he was not given notice that his competency proceeding resulted in him being a prohibited person and barred him from possessing firearms under § 922(g)(4). However, in a prosecution under 18 U.S.C. § 922(g), the Government need only prove an individual knowingly possessed a firearm, not that the individual knew such a possession was illegal. *United States v. Kafka*, 222 F.3d 1129, 1131 (9th Cir. 2000). Further, "ignorance of the law is no defense." *Id.* at 1133.

Bartley argues that he was not given notice that he would be barred from firearm possession and that the court order which placed him in custody of the Department of Health and Welfare did not contain any advisement about it either. Bartley relies on *Lambert v. California*, which held that defendants should have an "opportunity to comply with the law and avoid its penalty." 355 U.S. 225, 229 (1957). The Government argues that Bartley's conduct was active conduct and therefore due process did not require him to have notice that he was subject to § 922(g)(4). Significantly, "[t]he *Lambert* exception is narrow" and the Ninth Circuit, along with other circuits, has rejected the argument that the *Lambert* doctrine applies to firearms possession under § 922(g). *United States v. Hancock*, 231 F.3d 557, 564 (9th Cir. 2000). The Ninth Circuit has held that "possession of firearms is 'active' conduct, as distinct from the 'wholly passive' failure to register that was at issue in *Lambert*." *Id.* Bartley, along with every other gun owner, "knowingly subjected himself to a host of state and federal regulations" when he possessed a gun. *Id.*

Because owning a gun is considered active conduct, due process did not require Bartley to have notice that he was subject to § 922(g)(4), and therefore Bartley's due process rights have not been violated and his motion to dismiss the indictment is DENIED.

## V. ORDER

The Court HEREBY ORDERS:

1. Defendant James Michael Bartley's Motion to Dismiss Indictment (Dkt. 15) is DENIED.

2. That a new trial be set for **October 15, 2019, at 1:30 p.m.** in the U.S. Courthouse in Boise, Idaho. The period of time between the prior trial date and the new trial date is deemed EXCLUDABLE TIME under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) & (B).

3. A new trial readiness conference will be conducted by telephone on **October 1, 2019, at 4:00 p.m.** The Government shall place the call to (208) 478-8391 with opposing counsel on the line.

4. All pretrial motions shall be filed on or before **September 16, 2019.**

DATED: July 9, 2019

David C. Nye
Chief U.S. District Court Judge